UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF

FLORIDA

CASE NO. 9:20-CV-81280

Melissa Arnette Elliott

Vs.

Terry Williams



## Defendant's Motion to Dismiss or Transfer Plaintiff's First Amended Complaint

This motion is being filed pursuant to Rules 12b (2), and 12b (6).

### FRCP 12 b

(b) HOW TO PRESENT DEFENSES.

Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

(1) lack of subject-matter jurisdiction;

(2) lack of personal jurisdiction;

(3) improper venue;

(4) insufficient process;

(5) insufficient service of process;

(6) failure to state a claim upon which relief can be granted; and

(7) failure to join a party under Rule 19.

### The Southern District of Florida Lacks Personal Jurisdiction over the Defendant

The court lacks specific personal jurisdiction over me as is alleged in the FAC and the plaintiff can produce no evidence to support specific jurisdiction in the Southern District of Florida regarding the sound recordings/ songs at issue in the FAC. (See Waite v. AII Acquisition Corp., No. 16-15569 (11th Cir. 2018)) The songs in controversy giving rise to the plaintiff's claims were created in PA (specific jurisdiction) (Id.)

See (FAC paragraphs 22-24, 25, 28, 40) where plaintiff concedes to creating sound recordings in my home studio. See also PA court Order stating the studio was located in Philadelphia, PA (DI 9 Exhibit C at 2).

The plaintiff's claims could have only been properly brought in the district of Delaware where I reside or am "at home" (Id) or the Eastern District of PA where the songs giving rise to the plaintiff's claims were recorded (Id). Certainly, the plaintiff's counsel is aware of how personal jurisdiction works, which is why counsel misrepresented that jurisdiction was proper.

The plaintiff misrepresents in paragraphs 44-62 of the FAC that communications on my behalf were sent to the plaintiff in Florida. The communications came from my acquaintance who I directed to contact the plaintiff's management company, which she did. Shortly thereafter, Counsel's partner Simran Singh of Singh, Singh, Trauben Law firm, began a series of email correspondence between February 2017 and August 2017 with her (Gary). The law firm is located in Beverly Hills, CA- not Florida. There were no events giving rise to the plaintiff's claims that happened in the state of Florida, and the plaintiff bear the burden of proving jurisdiction is proper. (Citation omitted)

In light of the deliberate misrepresentations to the court regarding jurisdiction, I ask that the court dismiss the plaintiff's case with prejudice for lack of personal jurisdiction. and issue an

order barring the plaintiff from claiming in any legal proceeding that the songs in my collection are not co-owned, joint works, or that my copyright registrations are invalid. Legally the plaintiff should be prohibited from asserting that there was no intent to create joint works with me and that the song copyrights are not co-owned.

## The FAC Fails to State a Plausible Claim

The plaintiff's FAC fails to state a claim because on its face it is a direct contradiction of the original pleading. The court may take judicial notice of public records particularly documents filed in this case (Citation Omitted). The defendant can't in one pleading state she never had any intention to have any joint works or recordings with me then switch the story to state that she only intended to jointly own our published material and any unpublished material she solely owns the lyrics, vocal arrangements and melodies to. It just is not plausible. See Original Complaint paragraph 60 in Comparison to FAC paragraph 38.

> 60- "Plaintiff never, at any time, intended to be a joint author with Defendant Williams **of any** musical works or recordings."

> 38. "Plaintiff Elliott also never, at any time, intended to share any rights of authorship with Defendant Williams in the lyrics, vocal arrangements and melodies embodied **in any of the Unpublished** Recordings…"

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must [ ] contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Brooks v. Warden, 800 F.3d 1295, 1300 (11th Cir. 2015) (quotation marks omitted). The court may also consider public records (Citation Omitted)

It is not plausible that the plaintiff did not intend to jointly own all of the material with (including the unpublished material) me when her story has changed from one complaint to the next.

This is also evident in reviewing the plaintiff's declaration as a defendant in my pending action in PA, where she previously asserted a lack of intent to have any joint material with me whether published or unpublished ( See 2:2018-cv-05418 (paed)NIQA, Declaration of Melissa Elliott at paragraph 24- DI 50). In the declaration she states she came to my home studio to rehearse preexisting lyrics. In the FAC here she states she does have published songs created with me. (FAC at 64). The court is not bound to accept the plaintiff's claims as true when they are not plausible. Given the plaintiffs conflicting and directly contradictory statements regarding intent, the court should not accept the plaintiff's claims as true, but rather the claims are proven false.

With intent not being an issue, and the plaintiff's own testimony being that she did record the songs with me in my studio (FAC paragraphs 22-24, 25, 28, 40,), then joint ownership can be established.

> 17 U.S.C. § 101 states, "A 'joint work' is a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole.". 17 U.S.C. § 201(a) states, "Copyright in a work protected under this title vests initially in the author or authors of the work. The authors of a joint work are co-owners of copyright in the work." See M.G.B. Homes v. Ameron Homes, 903 F.2d 1486, 1492 (11th Cir. 1990)
>
> As a matter of law, the plaintiff's declaratory judgment claim for sole copyright ownership fails, absent a written agreement that would allow an inseparable work to be

separated as the plaintiff describes. See 17 U.S.C. § 204(a) A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent.

The plaintiff Fails to state her claim.

## Plaintiff's FAC is Time Barred

The plaintiff's claims are time barred. (Please first see Motion to Strike (DI 10) for additional timeliness issues with the FAC)

The Eleventh Circuit recognizes a 3-year statute of limitations on Copyright Claims. The Eleventh Circuit has further held that a claim concerning Copyright ownership accrues only once. (See Webster v. Guitars, No. 19-10013 (11th Cir. 2020) Holding that an ownership claim accrues when the plaintiff learns, or should as a reasonable person have learned, that the defendant was violating [her] ownership rights.

See DI 6 Exhibit B., which is correspondence on my behalf informing the plaintiff's counsel (law firm) that I claimed copyrights to all the joint works in my sound recording collection with credits for writing, music and sound recording . The correspondence is from February 2017. In the correspondence counsel acknowledges the existence of his client's alleged potential ownership claim, and my rights as a co- writer, producer and engineer of all of the songs were asserted at that time.

See plaintiffs FAC, paragraphs 44-62, where the plaintiff introduces this series of communications on the face of the FAC.

At that time the plaintiff learned or as a reasonable person should have learned via her attorneys who were in direct receipt and dialogue, that I was violating the plaintiff's rights by claiming authorship for the words, music and sound recordings contained in my collection of songs with the plaintiff. Counsel is aware that the plaintiff's claims are time barred considering the voluminous letters written on my behalf and by counsel on behalf of the plaintiff as far back as February 2017.

For purposes of Rule 12(b)(6), "[a] court is generally limited to reviewing what is within the four corners of the complaint on a motion to dismiss." Bickley v. Caremark RX, Inc., 461 F.3d 1325, 1329 n.7 (11th Cir. 2006). However, "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal." Brooks v. Blue Cross & Blue Shield of Florida, Inc., 116 F.3d 1364, 1369 (11th Cir. 1997).

Given that the plaintiff was made aware of her claim to ownership in February 2017, at the latest, the plaintiff's claim for declaratory judgment for copyright ownership should have been filed by February 2020.

This action was filed August 6, 2020- so the plaintiff's claims are time barred. The plaintiff has not alleged and cannot produce any evidence as to why the limitations period should be tolled.

The plaintiff has had ample time to legally assert her claim to copyright ownership of all of the lyrics, vocal arrangements and melodies in our joint works and my sound recording collection. She decided not to move on her allegedly violated rights while defending against my claims at the PA Eastern District Court from Dec. 2018- Present. The plaintiff has not asserted her copyright ownership claim while defending in PA prior to expiration of the 3-year limitations

period and certainly should not be allowed to assert her time barred claim in another jurisdiction now.

## Motion to Transfer

This motion is also being filed pursuant, 28 U.S. Code § 1404.

### 28 U.S. Code § 1404 Change of venue

**(a)**
For the convenience of parties and witnesses, in the interest of justice, a <u>district court</u> may transfer any civil action to any other <u>district</u> or division where it might have been brought or to any <u>district</u> or division to which all parties have consented.

I am a pro se litigant residing in Delaware, and am currently the Pro se Plaintiff in an action for a Declaratory Judgement, and an Accounting. against the plaintiff in this action- Melissa Elliott.

We have been involved in litigation in The Eastern District of PA, since 2018 (2:2018-cv-05418 (paed)). I was recently granted leave in that case, to file a third amended complaint against my co-owner- Melissa Elliott, to recover an accounting of profits received from her exploitation of our joint works.

Similarly, I have also been involved in litigation with third parties-Warner Music et al, Timothy Mosley, the Estate of the artist Aaliyah, and Blackground Records, in two jurisdictions, PA and DE, and in DE (1:2020cv00316) was recently granted leave to file an amended complaint against Warner Music Group et al, for an accounting as co-owners via assignment, authorized by Melisa Elliott.

For the purpose of convenience to me and to plaintiff Elliott who are currently involved in pending litigation regarding the material plaintiff Elliott seeks declaratory judgment of sole ownership to, the court should transfer the plaintiff's case to the Eastern District of PA or to the District of Delaware.

In addition, the court should grant my motion to transfer in the interest of justice and for the purposes of efficiency and consistency across legal proceedings.

See CASE NO. 19-61167-CIV-ALTMAN/Hunt (S.D. Fla. Nov. 19, 2019)

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness. A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citation and internal quotation marks omitted). Those factors include:

(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). "The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (internal quotation marks omitted). " (NO. 19-61167)

Other considerations in this case outweigh the plaintiff's choice of forum. 8 out of 9 of the factors weigh heavily in favor of transfer. (Supra)

1. My witnesses and I are located in the Philadelphia/ Delaware region.

2. The location of witnesses and evidence in this case is in the Philadelphia/ Delaware region.

3. It would be more convenient for me to defend against the plaintiffs case in the Eastern District of PA where it could have been brought, since the sound recordings at issue in the plaintiff's complaint, were created in my home studio in Philadelphia, PA between 1993 and 1996. - or in DE where I reside and the claim could have been brought.

4. PA is also where the locus of operative facts are located and witnesses can attest to facts relating to the sound recordings created during the studio period. I am a resident of Delaware having knowledge of all relevant facts relating to the plaintiff's claim.

5. All of my witnesses again are located in the Philadelphia/ Delaware region

6. I am pro se litigant. I have had to pay extra money to overnight mail to the Southern District of Florida Court, while more conveniently in the PA District I am permitted to make filings via email, and I live in Delaware with the District Courthouse conveniently accessible to me. I have directed my legal research efforts towards the Third Circuit Rules Procedures Laws and Rulings. The plaintiff is a multi-platinum selling recording artist, and has the means to litigate her complaint in PA pending action just as she has defended in that action.

7. The PA and DE District courts are familiar with the governing laws regarding the plaintiff's claims. In fact, I have a pending declaratory judgement action along with the accounting claim against the plaintiff in the PA court. The courts in PA and DE have ruled that as a co-owners the plaintiff and her assignees have a duty to account to me for the profits earned from the use of the

material at issue in the plaintiffs complaint.- That is why she is seeking the declaratory judgment now.

8. For the purpose of trial efficiency it is more efficient to have one trial at the PA Eastern District Court where the same case is pending against the plaintiff and she has had ample time to file a counterclaim in that action over the past 2 years. Or alternatively having one trial at the DE District court along with assignees Warner et al.

Given the totality of the circumstances, and the factors weighing heavily in favor of transfer, the court should transfer the plaintiffs case to the PA Eastern district court in the interests of convenience and justice.

For the foregoing reasons, I request the court dismiss the plaintiff's complaint with prejudice or transfer it to the Eastern District of PA or to Delaware where litigation regarding the songs at issue in the plaintiff's complaint is currently pending.

September 30, 2020

Sincerely,

Terry Williams

Pro se Defendant

105 Persimmon Pl.
Bear, DE 19701

*[signature]*

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF

FLORIDA

CASE NO. 9:20-CV-81280

Melissa Arnette Elliott

Vs.

Terry Williams

CERTIFICATE OF SERVICE

I, Terry Williams, do certify that on this day I caused a true and correct copy of Defendant's Motion to Dismiss or Transfer Plaintiff's First Amended Complaint, on the plaintiff's attorney, via regular mail at the address on file.

September 30, 2020

Sincerely,

Terry Williams

Pro se Defendant

105 Persimmon Pl.
Bear, DE 19701

**PRIORITY MAIL EXPRESS**

19

FROM:
Kelly Williams
105 Persimmon PL
Bear DE 19702
PHONE: 302-544-3642

TO:
U.S. Federal Building & Court
299 East Broward Blvd
#108 Clerk of Office
Fort Lauderdale, FL
33301

PO ZIP Code: 19850
Scheduled Delivery Date: 10-1-20
Date Accepted: 9-30-20
Time Accepted: 9:09 AM
Weight: 4 oz
Postage: $26.35
Total Postage & Fees: $26.35

EP13F Oct 2018
OD: 12 1/2 x 9 1/2

U.S. POSTAGE PAID
PME 1-Day
HISTORIC NEW CASTLE, DE
19720
SEP 30, 20
AMOUNT

EJ 331 081 461 US

RECD BY
OCT 01 2020